UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10425-RGK-MAR                                    Date: June 22, 2026

Title:      *Jarris Silagi v. The Police Commissioner of Beverly Hills Police Department*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

On October 20, 2025 Plaintiff, a federal prisoner, proceeding pro se and in forma pauperis, constructively filed[1] this Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C § 1983.  ECF Docket No. ("Dkt.") 1.   On February 5, 2026, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA"), ordering Plaintiff to file a First Amended Complaint, a voluntary dismissal, or a Notice of Intent to Stand on the Complaint no later than February 27, 2025.  Dkt. 13.

The ODLA was returned to the Court on February 20, 2026 indicating "no such recipient/not in custody."  Dkt. 17.  On April 6, 2026, Plaintiff requested an extension to pay the initial partial filing fee.  Dkt. 14.  The Court granted the request and and re-sent a copy of the ODLA to Plaintiff.  Dkts. 20, 21.  On May 5, 2026, the Court received the initial partial filing fee from Plaintiff.  Dkt. 23.  However, the Plaintiff has not responded to the ODLA.

Accordingly, Plaintiff is ordered to show cause in writing **within twenty-eight (28) days** of this Order, **by July 16, 2026,** why this action should not be dismissed under Rule 41(b) for failure to prosecute.  See Fed. R. Civ. P. 41(b).

The Court will consider any of the following three options to be an appropriate response to this OSC:

1.  Plaintiff shall file a First Amended Complaint that addresses the deficiencies identified in the Court's February 2, 2026 ODLA;

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-10425-RGK-MAR                              Date: June 22, 2026

Title:       *Jarris Silagi v. The Police Commissioner of Beverly Hills Police Department*

2. Plaintiff shall provide the Court with an explanation as to why he has failed to file a First Amended Complaint or otherwise respond to the ODLA; or

3. Plaintiff may request a voluntarily dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk is directed to attach a Notice of Dismissal form for Plaintiff's convenience.

**Failure to respond to the Court's Order may result in the dismissal of the action.**

**IT IS SO ORDERED.**

                                                                                     :
**Initials of Preparer**      ev